# EPSTEIN SACKS PLLC
ATTORNEYS AT LAW
100 LAFAYETTE STREET
SUITE 502
NEW YORK, N.Y. 10013
(212) 684-1230

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

October 26, 2021

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  10/28/2021

Filed by ECF

*United States v. Maria Aguilar Hewitt*
20 Cr. 493 (VSB)

Dear Judge Broderick:

    We represent the defendant Maria Aguilar Hewitt under the Criminal Justice Act. We write to respectfully request a modification to Ms. Hewitt's current bail conditions that would allow her to remove the electronic bracelet.

    Currently, Ms. Hewitt is being monitored by an electronic bracelet and is subject to a curfew set by her pretrial services officer in the Middle District of Florida where she lives. It has been over a year since her arrest and her pretrial services officer, Charles Sweatt, describes her as "fully compliant without any issues." He believes that she is a good candidate to remove the electronic monitoring and the curfew altogether. However, we have also asked him for a recommendation short of removing the curfew, and he suggests that she could remain on the curfew without a bracelet and instead be monitored through a home telephone line.

    Ms. Hewitt is not a flight risk -- she is a US citizen as is her 14-year-old son who was born here. She is his only parent as her ex-husband who lives in Ohio chose not to be involved in his life at all and he provides them with no financial or other support. Although she was born in El Salvador, she no longer has ties there or to anywhere else outside of the United States. She has

lived in the United States for almost twenty years, since was 19 years old, and all of her family is here, including her brother who lives in Connecticut and her parents who live close to her in Florida.  As Your Honor may recall, she helps care for them, especially since her father had a lung transplant over a year ago and remains ill.

As a single parent to a teenage son and a caregiver to older sick parents who do not speak English fluently, Ms. Hewitt needs to work to help support them all financially.  She has been working for a company since this past January, but because of pandemic she has been able to work from home up until this point.  She just learned that she will be expected to start reporting to the office in person next week.  As we explained herein, the bracelet is not necessary to ensure her return to court.  Yet it is visible on her ankle, even when she is wearing pants.  She fears not only the embarrassment of wearing the bracelet in front of her co-workers, but also that she could be fired if her employer sees it.

We have reached out to the Government, and we understand that they object to this request.  While they may have had their reasons for asking for the bracelet a year ago, insisting that Ms. Hewitt still wear it serves no purpose other than to punish and shame her.  We respectfully submit that given her exemplary track record for over a year while on bail, the fact that she is not a flight risk whatsoever and her personal circumstances described here, the Court should follow the recommendation of her pretrial services officer and allow her to remove the bracelet.  Officer Sweatt can be reached at (407) 429-9812 or Charles_Sweatt@flmpt.uscourts.gov should the Court wish to contact him.

                Respectfully submitted,

                *Sarah M. Sacks*